IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JANIS E. COWSER,<br><br>      Plaintiff,<br><br>  vs.<br><br>KILOLO KIJIKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 23-cv-00118-DKW-RT<br><br>**ORDER AFFIRMING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY** |

Plaintiff Janis E. Cowser, proceeding without counsel, appeals the decision of the Acting Commissioner of Social Security, awarding her wife's insurance benefits (WIB) beginning in October 2019, rather than her claimed effective date twenty years prior. After consideration of Cowser's liberally construed pro se filings, arguments, including those made at the January 2, 2024 hearing, and the record generally, the Court finds no reversible error in the decision of the Acting Commissioner. Specifically, although Cowser appears to focus her argument on the start date for her receipt of WIB, governing law provides no support for Cowser's contention that her benefits should have begun in February 1999, more than twenty years before she filed her benefits application. As a result, as more fully set forth below, the Court AFFIRMS the decision of the Acting Commissioner.

## RELEVANT BACKGROUND

On March 29, 2022, the ALJ issued a decision finding Cowser eligible for WIB beginning in October 2019, but not prior to October 2019. Administrative Record ("AR") at 16. After finding that there was no evidence Cowser filed for benefits earlier or that the Social Security Administration (SSA) somehow "misinformed" her, the ALJ determined that Cowser filed an application for benefits on July 1, 2020. *Id*. at 14-15. The ALJ also rejected Cowser's contention that the SSA had "mixed up her spouses" in calculating benefits, finding that her benefits were based upon the record of James Ervan Scott—the same spouse with respect to whom Cowser sought benefits. *Id*. at 14. As a result, the ALJ found that Cowser was "not entitled to Wife's Insurance benefits earlier than October 2019, which is six months retroactive from the application date, and is the maximum back pay the claimant can receive since the claimant was at full retirement age." *Id*. at 15.

On January 27, 2023, the Appeals Council denied Cowser's request for review of the ALJ's decision, making that decision the final decision of the Acting Commissioner. *Id*. at 1.

On March 3, 2023, Cowser filed the instant appeal of the ALJ's decision. Dkt. No. 1. Although Cowser initially failed to comply with the briefing schedule

in this case, *see* Dkt. No. 21 (Order to Show Cause), on October 13, 2023, she filed an opening brief and paperwork, Dkt. Nos. 23-24.  Before the filing of the government's answering brief, Cowser then filed a "Reply Brief" on November 6, 2023.  Dkt. No. 26.  On November 16, 2023, the government filed its answering brief, Dkt. No. 27, and Cowser did not file a response to the same.  On January 2, 2024, the Court held a hearing on this matter.  Dkt. No. 33.

## STANDARD OF REVIEW

A court must uphold an ALJ's decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*. (quotation omitted).  Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*. at 679; *see also Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

## **DISCUSSION**

Cowser proceeds without counsel in this action. Therefore, the Court liberally construes her filings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Liberally construing Cowser's briefing, Dkt. Nos. 22-24, 26, and her statements during the January 2, 2024 hearing, the sole remaining argument that she raises is one of timing[1] − specifically, the month from when she is entitled to start receiving WIB. The ALJ determined that the earliest start date was October 2019 and granted her benefits beginning on that date. AR at 16. In her briefing and at the hearing, Cowser argued that she should be entitled to WIB from February 1999−when she was allegedly "sexually assaulted" on the Big Island of Hawaiʻi. *See, e.g.*, Dkt. No. 23 at 2.[2] The problem with this argument is that it is

---

[1] At the January 2, 2024 hearing, Cowser represented that she was no longer pursuing any argument concerning her receiving WIB based upon the record of the wrong spouse. Therefore, the Court does not further address this matter herein.

[2] In particular, Cowser appears to contend that she is entitled to two (inconsistent) monetary amounts beginning in February 1999: $200,000 per year and/or $4,819.40 per month. Dkt. No. 26 at 8-9.

not supported by the relevant statute.

Specifically, 42 U.S.C. Section 402 provides that a wife is not entitled to begin receiving WIB until, among other things, an application for WIB has been filed. 42 U.S.C. § 402(b)(1). Section 402 further provides that, depending on the benefits to which a person is entitled, an individual may be entitled to benefits for either six months or twelve months preceding the filing of the application. *Id*. § 402(j)(1). An exception to the six- or twelve-month periods preceding the application filing exists if an individual failed to apply for benefits due to "misinformation" provided by the SSA. *Id*. § 402(j)(5). In such a situation of misinformation, an individual's benefits will begin from the later of the date of the misinformation or the date the individual became entitled to benefits. *Id*.

Here, although Cowser appears to have raised a "misinformation" argument before the ALJ, AR at 14, she did not pursue that argument in either her briefing or at the hearing before this Court. Therefore, the Court does not disturb the ALJ's finding that Cowser failed to provide evidence of misinformation by the SSA. AR at 14-15. As a result, pursuant to Section 402, the earliest Cowser's benefits could begin was six or twelve months before the filing of her application on July 1, 2020. In other words, the law does not permit Cowser's benefits to begin in February 1999, over *twenty years* before the filing of her application. Therefore, the Court

5

rejects this argument as a reason to reverse the ALJ's decision.  Further, because this is the only argument Cowser now brings on appeal, the Court AFFIRMS the decision of the ALJ.[3]

## **CONCLUSION**

For the reasons set forth herein, the Acting Commissioner's decision is AFFIRMED.  The Clerk of Court is directed to enter judgment in favor of the Acting Commissioner and then close this case.

IT IS SO ORDERED.

DATED: January 3, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

[3]As mentioned earlier, the ALJ determined that Cowser was not entitled to WIB "earlier than October 2019, which is *six months* retroactive from the application date…."  AR at 15 (emphasis added).  Given that the ALJ also found the application date to be July 1, 2020, this statement cannot be correct.  Nonetheless, because the ALJ's decision appears to have found Cowser entitled to benefits *earlier than* the date "six months retroactive from the application date[,]" and neither party challenges the ALJ's calculation in this regard, the Court does not further address it herein.